**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>KAMURAN CORTUK,<br><br>Debtor.<br><br>YESIM SAKARYA, *et al.*,<br><br>Appellant,<br><br>v.<br><br>BUNCE D. ATKINSON, TRUSTEE FOR THE DEBTOR ESTATE OF KAMURAN CORTUK,<br><br>Appellee. | Bankruptcy Action No. 17-34019 (CMG)<br><br><br><br><br>Civil Action No. 21-13637 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Appellant Yesim Sakarya's ("Sakarya") Motion to Vacate the Order Dismissing the Appeal and to Reinstate the Appeal. (ECF No. 6.) Appellee Bunce D. Atkinson ("Atkinson" or "Trustee") opposed (ECF No. 8), and Sakarya did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Sakarya's Motion.

**I.   BACKGROUND**

This matter arises out of the underlying bankruptcy case of Sakarya's father, Kamuran Cortuk ("Cortuk"). Atkinson is the trustee for Cortuk's estate. In connection with the underlying bankruptcy, Atkinson filed an adversary proceeding against Sakarya seeking to avoid, among other

things, a $264,201 transfer made by Cortuk to Sakarya. On June 8, 2021, the Bankruptcy Court issued a decision and order granting the Trustee avoidance and recovery of the transfer. (*See* No. 19-2073, Bankr. ECF No. 78.)[1] On July 13, 2021, the Bankruptcy Court entered final judgment against Sakarya in the amount of $264,201 plus post judgment interest. (Bankr. ECF No. 90.)

On July 12, 2021, the Bankruptcy Court received Sakarya's notice of appeal by mail and entered it on the docket. Thereafter, an appellate case was opened in this Court. Sakarya did not, however, file a Designation of the Contents of Record or a Statement of Issues as required by Federal Rule of Bankruptcy Procedure 8009. *See* Fed. R. Bankr. P. 8009 ("The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."). On August 16, 2021, the Deputy Clerk of the Bankruptcy Court entered the Certification of Failure to File Designation of the Record. (Bankr. ECF No. 105.) On August 27, 2021, this Court issued an Order to Show Cause as to why this case should not be dismissed due to the procedural defects and granted Sakarya until September 27, 2021 to respond. (ECF No. 3.) She did not timely comply. So, on September 29, 2021, this Court issued a text order dismissing Sakarya's Notice of Appeal and terminated the appeal. (ECF No. 4.) On November 1, 2021, Plaintiff's new counsel entered an appearance and filed this Motion. (ECF No. 5.)

## II.   LEGAL STANDARD

An appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented within 14 days after the entry of the order being appealed. *See* Fed. R. Bankr. P. 8002(a)(1).

---

[1] Docket entries from the adversarial bankruptcy proceeding---*Atkinson v. Sakarya*, No. 19-2073 (Bankr. D.N.J.)—are designated as "Bankr. ECF No."

Within 14 days after the entry of the order being appealed, the appellant has a duty to order in writing from the reporter a transcript of the proceedings that the appellant considers necessary for appeal. Fed. R. Bankr. P. 8009(b)(1)(A). If a transcript of a hearing or trial is unavailable, "the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection" or "the parties may prepare, sign, and submit to the bankruptcy court a statement of the case showing how the issues presented by the appeal arose and were decided in the bankruptcy court." Fed. R. Bankr. P. 8009(c)-(d).

When the parties are required to complete an act within a certain time under the Bankruptcy Rules, the court may extend the deadline before it expires or on a motion made after the expiration of the prescribed period if the failure to complete the act was the result of excusable neglect. Fed. R. Bankr. P. 9006(b)(1).

### III.    DISCUSSION

Under Federal Rule of Civil Procedure 60(b)(1), a district court may relieve a party from an order if the order resulted from "excusable neglect." Fed. R. Civ. P. 60(b)(1). The question of whether a party's "neglect is 'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file.'" *George Harms Constr. Co. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004) (citation omitted). In making this determination, courts consider: (1) "the danger of prejudice," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," but excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392.

Here, the first factor weighs in favor of reinstatement because nothing suggests the Trustee was prejudiced by the delay. *See Griffin v. United States*, No. 12-6137, 2013 WL 5676206, at *4 (D.N.J. Oct. 17, 2013) ("The Third Circuit has held that under Rule 60(b), there is no prejudice absent loss of available evidence or 'increased potential for fraud or collusion.'"). Trustee argues that vacating the Court's order will allow Sakarya further time to place her assets out of reach. (Appellee's Opp'n Br. 11, ECF No. 8.) While a risk, the Court finds that risk exists regardless of whether this Court ultimately affirms dismissal on technical grounds or reinstates the case.

The second factor, length of the delay, on the other hand, weighs in favor of affirming dismissal. Sakarya waited more than two months before moving to vacate. Moreover, Sakarya still has not filed the designation of the record or the statement of the case. Other courts have dismissed bankruptcy appeals with similar delays. *See Farzan v. Bayview Loan Servicing LLC*, No. 20-7134, 2020 WL 13240130, at *2 (D.N.J. Dec. 9, 2020), *aff'd sub nom., In re Farzan*, No. 21-2445, 2022 WL 1238354 (3d Cir. Apr. 27, 2022) (affirming dismissal where Appellant's delay was nearly six months); *In re Solis*, No. 95-356, 1995 WL 311781, at *2 (S.D.N.Y. May 19, 1995) (four-month delay); *Goodheart v. Maggio*, No. 07-559, 2007 WL 923282, at *1 (D.N.J. Mar. 26, 2007) (two-month delay); *EnvisioNet Comput. Servs., Inc. v. ECS Funding LLC*, 288 B.R. 163, 166 (D. Me. 2002) (finding one-month delay prejudiced Appellees).

Addressing the third factor, the alleged reason for the delay, the Court finds it slightly weighs in favor of vacating its prior order. Sakarya claims that the delay was caused by her dire financial situation, which delayed her ability to hire a lawyer to represent her in this appeal.[2] (Pl.'s Moving Br. 2.) As a result, Sakarya may have been unrepresented during the period she was

---

[2] Still, even crediting Sakarya's reasoning, the Court cautions that pro se litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245, 699 (3d Cir. 2013).

required to file the designation of record and statement of reasons and during the initial time frame to respond to the Court's Order to Show Cause.

Finally, the fourth factor, whether Sakarya acted in good faith, the Court finds this factor to be neutral. While Sakarya does not appear to have acted in bad faith in her delay, she also did not notify the Court that her previous counsel would not be representing her in her appeal, nor did she take any steps to request an extension from the Court to file the designation of record and statement of the case.

Applying these factors here, the Court finds that Sakarya's delay was due to excusable neglect and deems it prudent to vacate its previous order dismissing the appeal. As a general matter, district courts are permitted to dismiss bankruptcy appeals when appellants fail to comply with Bankruptcy Rule 8009(a)(1). *See* Fed. R. Bank. P. 8003(a)(2); *In re Lawson*, 774 F. App'x 58, 60 (3d Cir. 2019). The Third Circuit cautions, however, that "[n]ot every failure to follow procedural rules mandates dismissal of the appeal." *Id.* (citing *In re Comer*, 716 F.2d 168, 177 (3d Cir. 1983)). Moreover, it is this Circuit's long-standing preference that "cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). Here, the Court finds it prudent to vacate its previous order and reinstate the appeal. The Court, therefore, vacates its previous order.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Sakarya's Motion. An Order consistent with this Memorandum Opinion will follow.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**